UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
**MILWAUKEE DIVISION**

LARRY WHITFIELD,

    Plaintiff,

v.

GENUINE PARTS COMPANY,

    Defendant.

CIVIL ACTION NO. 2:20-CV-1540

PLAINTIFF, LARRY WHITFIELD'S, COMPLAINT

PRELIMINARY STATEMENT

1. Plaintiff Larry Whitfield ("Plaintiff") brings this action against his employer, Genuine Parts Company ("Defendant") for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 United States Code 2000e-2, et seq., Age Discrimination in Employment Act, as amended ( "ADEA"), et seq., 29 United States Code 623, and Equal Pay Act, as amended ("EPA"), 29 United States Code 206(d), et seq., to discriminate against him with respect to his compensation, terms, conditions, or privileges of employment, because of his race, gender and age.

2. Plaintiff brings this action pursuant to Title VII for the purpose(s) of obtaining relief for back pay, frontpay, compensatory damages, punitive damages, costs, attorneys' fees, injunctive relief, and/or any such other relief that the Court may deem appropriate.

JURISDICTION AND VENUE

3. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, et seq., as amended ("Title VII"), 29 USC 623, et seq., as amended ("ADEA"), and 29 USC 206(d), et seq., as amended ("EPA") – all federal statutes in place at the time of the actions alleged that gave rise to this complaint.

4. The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events giving rise to the claims occurred within the District and Defendants maintained substantial and systematic contacts in this District during the events that gave rise to the claims.

6. Plaintiff has exhausted his administrative remedies prior to filing this lawsuit. Plaintiff filed a complaint with State of Wisconsin Department of Workforce Development Equal Rights Division ("ERD"), ERD Case # CR202000694, which was cross-filed as EEOC Case # 26202000630C, on March 11, 2020. See Exhibit A. The complaint included claims for race, gender and age discrimination for unequal compensation, as alleged herein. After more than 180 days had passed, and at the request of the Plaintiff, EEOC issued its right to sue letter on July 7, 2020. See Exhibit B.

## PARTIES

7. Defendant is a service organization engaged in the distribution of automotive replacement parts, industrial replacement parts, office products and electrical/electronic materials with an office in Milwaukee City, Milwaukee County, Wisconsin.

8. Plaintiff is an adult resident of Milwaukee City, Milwaukee County, Wisconsin.

9. The events that gave rise to this action occurred primarily in Milwaukee City, Milwaukee.

## GENERAL ALLEGATIONS

10. Plaintiff, an African American male, of over 40 years in age – having been born on November 15, 1974 –, worked for Respondent for 24 years, most recently as an assistant manager, having obtained 14 years' retail experience during that time, as well as managerial, wholesale and warehousing experience in the automotive field.

11. During his service time working for Defendant, Defendant's Milwaukee location at a point temporarily closed down in or shortly before 2013.

12. Upon being set to reopen, in March of 2013, the assistant manager position was posted at $15.40 per hour.

13. Shortly after, the position was taken down and Plaintiff was returned to be a counter sales person, at $14.40 per hour. In actuality,

Plaintiff was then only paid $12.50 per hour for that position before a pay adjustment was made.

14. Then, in May of 2014, Plaintiff was offered a position to be assistant manager, and paid $14.90 per hour, which was less than the starting rate of $15.40 per hour for that position.

15. Then, as assistant manager at one of the most successful stores, Plaintiff complained he was being paid less than at least two people that were working for him, as counter salespersons.

16. Finally, in January of 2020, Plaintiff's earnings were increased to $17.54.

17. Plaintiff complained after the increase that he should have been paid at least $18.80 per hour, when the 2nd assistant with only 7 months of managerial experience was making $18.80 per hour. That comparator, the 2nd assistant, Sara Curtis, was making $18.80 per hour, and is a white, female, who is under 40 years of age.

18. Plaintiff suffered sleep issues, depression, and difficulty focusing at work, due to his strong belief that he was being paid differently due to immutable characteristics of race, age, and gender – and had been treated differently at least since being rehired upon the store being reopened.

### FIRST CLAIM FOR RELIEF
Violations of the Title VII –
Race Discrimination in Unequal Compensation

19. Plaintiff reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

20. During his employment with Defendant, Plaintiff was entitled to the rights, protections, and benefits provided under Title VII.

21. During Plaintiff's employment with Defendant, Defendant was an employer within the meaning of Title VII and Plaintiff was an employee within the meaning of Title VII.

22. Plaintiff – at least since being rehired in 2013 – has not been paid equal to his non-white co-workers with similar experience.

23. Since becoming an assistant manager after reopening and until January of 2020, Plaintiff was paid less than 12 out of 14 assistant managers, at between $14.90 per hour and $16.10 per hour at different points. He and the other assistant managers worked an average of 50 hours per week.

24. After January of 2020, at the new pay rate of $17.54 per hour, Plaintiff was still paid less than three white assistants, despite having 24 years of work experience. One of his white co-workers was earning $20.00 per hour at the time. Employer was on notice of this at least by Plaintiff's complaints, and refused to correct the inequity.

25. As Defendant has not acted in good faith and in derogation of Plaintiff's rights, Plaintiff is entitled to punitive and compensatory damages.

In the alternative, if the court finds violations to not be willful, Defendant shall be liable to pay prejudgment interest at the applicable legal rate.

26. Successful Plaintiff is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action under Title VII.

SECOND CLAIM FOR RELIEF
Violations of the Title VII –
Gender Discrimination in Unequal Compensation

27. Plaintiff reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

28. During his employment with Defendant, Plaintiff was entitled to the rights, protections, and benefits provided under Title VII.

29. During Plaintiff's employment with Defendant, Defendant was an employer within the meaning of Title VII and Plaintiff was an employee within the meaning of Title VII.

30. Plaintiff – at least since being rehired in 2013 – has not been paid equal to 2nd assistant, Sara Curtis, a younger, white, female co-worker. This is despite the fact that she is similarly situated to Plaintiff in her job duties. Before May of 2019, Sara Curtis was making approximately $17.70 per hour. And, after May of 2019, despite very little managerial experience, Sara Curtis was making $18.80 per hour.

31. During that time, Plaintiff was making between $14.90 and

$16.10 per hour up until January of 2020 and $17.54 after January of 2020.

32. This is despite the fact that Plaintiff has 24 years of work experience, including significant managerial and retail experience specifically in the automotive industry.

33. Employer was on notice of this at least by Plaintiff's complaints, and refused to correct the inequity.

34. As Defendant has not acted in good faith and in derogation of Plaintiff's rights, Plaintiff is entitled to punitive and compensatory damages. In the alternative, if the court finds violations to not be willful, Defendant shall be liable to pay prejudgment interest at the applicable legal rate.

35. Successful Plaintiff is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action under Title VII.

THIRD CLAIM FOR RELIEF
Violations of the EPA –
Gender Discrimination in Unequal Compensation

36. Plaintiff reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

37. During his employment with Defendant, Plaintiff was entitled to the rights, protections, and benefits provided under EPA.

38. During Plaintiff's employment with Defendant, Defendant was an employer within the meaning of EPA and Plaintiff was an employee

within the meaning of EPA.

39. Plaintiff – at least since being rehired in 2013 – has not been paid equal to 2nd assistant, Sara Curtis, a younger, white, female co-worker. This is despite the fact that she is similarly situated to Plaintiff in her job duties. Before May of 2019, Sara Curtis was making approximately $17.70 per hour. And, after May of 2019, despite very little managerial experience, Sara Curtis was making $18.80 per hour.

40. During that time, Plaintiff was making between $14.90 and $16.10 per hour up until January of 2020 and $17.54 after January of 2020.

41. This is despite the fact that Plaintiff has 24 years of work experience, including significant managerial and retail experience specifically in the automotive industry.

42. Employer was on notice of this at least by Plaintiff's complaints, and refused to correct the inequity.

43. As Defendant has not acted in good faith and in derogation of Plaintiff's rights, Plaintiff is entitled to punitive and compensatory damages. In the alternative, if the court finds violations to not be willful, Defendant shall be liable to pay prejudgment interest at the applicable legal rate.

44. Successful Plaintiff is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action under EPA.

## FOURTH CLAIM FOR RELIEF

Violations of ADEA –
Age Discrimination in Unequal Compensation

45. Plaintiff reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

46. During his employment with Defendant, Plaintiff was entitled to the rights, protections, and benefits provided under ADEA.

47. During Plaintiff's employment with Defendant, Defendant was an employer within the meaning of ADEA and Plaintiff was an employee within the meaning of ADEA.

48. Plaintiff – at least since being rehired in 2013 – has not been paid equal to 2nd assistant, Sara Curtis, a younger (under 40 years of age), white, female co-worker. This is despite the fact that she is similarly situated to Plaintiff in her job duties. Before May of 2019, Sara Curtis was making approximately $17.70 per hour. And, after May of 2019, despite very little managerial experience, Sara Curtis was making $18.80 per hour.

49. During that time, Plaintiff was making between $14.90 and $16.10 per hour up until January of 2020 and $17.54 after January of 2020.

50. This is despite the fact that Plaintiff has 24 years of work experience, including significant managerial and retail experience specifically in the automotive industry.

51. Defendant was on notice of this at least by Plaintiff's complaints, and refused to correct the inequity.

52. As Defendant has not acted in good faith and in derogation of Plaintiff's rights, Plaintiff is entitled to punitive and compensatory damages. In the alternative, if the court finds violations to not be willful, Defendant shall be liable to pay prejudgment interest at the applicable legal rate.

53. Successful Plaintiff is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action under ADEA.

## REQUEST FOR RELIEF

WHEREFORE, it is respectfully prayed that this court grant the following relief:

a) An Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of Wisconsin Law and applicable regulations and as dilatory or otherwise unjust as defined by Wisconsin Law;

b) An Order finding that Defendant violated Title VII, ADEA, and EPA;

c) An Order finding that Defendant's violations of law were dilatory or otherwise unjust;

d) Judgment against Defendant in the amount equal to Plaintiff's lost wages in back pay and front pay for Defendant's violations of Title VII, ADEA, and EPA;

e) An award of compensatory damages in an amount that the Court deems just and reasonable for Defendant's violations of Title VII, ADEA, and EPA;

f) An award of punitive damages in an amount that the Court deems just and reasonable for Defendant's violations of Title VII, ADEA, and EPA;

g) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

h) Such other relief as the Court deems just and equitable.

DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial pursuant to FED. R. CIV. P. 38(b).

Dated this 5th day of October, 2020.

Respectfully submitted,

 s/ Maxwell C Livingston
Maxwell C Livingston
SBN 1084764
Law Offices of Maxwell Charles Livingston,
16601 W Greenfield Ave
New Berlin, WI 53151
Telephone: (262) 317-9717
Fax: (866) 433-4321
Email: max@maxlivingstonlaw.com